IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW J. BURKE,

        Plaintiff,                           No. CIV S-04-2200 MCE GGH

        vs.

JO ANNE B. BARNHART,                <u>FINDINGS & RECOMMENDATIONS</u>
Commissioner of
Social Security,

        Defendants.
_____/

        Plaintiff, proceeding pro se, filed this action seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). On April 18, 2005, the Commissioner filed a motion to dismiss this action on the ground that plaintiff failed to exhaust his administrative remedies with respect to his claim for benefits. Plaintiff filed an opposition on June 3, 2005. Plaintiff also filed a motion for summary judgment on June 3, 2005, to which the Commissioner filed an opposition. The court now issues the following findings and recommendations which recommend that the action not be dismissed, plaintiff's motion for summary judgment is vacated from calendar.

\\\\\

\\\\\

1

BACKGROUND

Plaintiff applied for disability benefits based on bipolar disorder in either March or May, 2002.[1] Compl. at ¶ 2; Exh. to Plaintiff's Reply, filed July 27, 2005; Defendant's Motion at 1-2, citing Tr. 38-40. Plaintiff was approved for benefits with a finding that plaintiff was disabled as of March 15, 2001, and plaintiff began receiving benefits in September, 2002. On March 17, 2003, plaintiff sought review of his onset date, asserting that his disability dated back to a May, 1995 onset date. The date of the request is not disputed. The Commissioner rejected the request for reconsideration on October 8, 2003 as untimely. Complaint at ¶ 7. On November 7 or 20, 2003, plaintiff filed a request for hearing. Id. at ¶ 8; Defendant's Motion at 2:17. On April 5, 2004, the ALJ dismissed plaintiff's request for hearing. Defendant's Motion at 2:20-21. The Appeals Council denied review on August 14, 2004. Complaint at ¶ 8; Defendant's Motion at 2:24-26.

DISCUSSION

A social security claimant must obtain a final decision from the Commissioner before seeking judicial review. 42 U.S.C. § 405(g). A claimant must follow a set procedure: (1) an initial agency decision; (2) a request for reconsideration; and (3) a request for a hearing before an ALJ. 20 C.F.R. §§ 404.933, 416.1433. Regardless of whether the ALJ grants the hearing, the claimant must take a fourth step and appeal the ALJ's decision to the Appeals Council. These procedures comprise the exclusive remedy for claimants under the Social Security Act. 42 U.S.C. § 405(h). A "final decision" results only if the Appeals Council grants review and renders a decision, or if it denies a timely demand for review. 20 C.F.R. §§ 404.979, 404.981, 416.1479, 416.1481; Heckler v. Day, 467 U.S. 104, 106-7, 104 S.Ct. 2249 (1984). See Weeks v. Social Sec. Admin. Com'r, 230 F.3d 6, 7 (1st Cir. 2000) (holding that an Appeals Council order

\\\\\

---

[1] The Commissioner has not filed a transcript of the proceedings; however, the material facts surrounding the exhaustion of administrative remedies are not disputed.

remanding a case to the ALJ for further proceedings ordinarily is not an appealable final decision).

A final decision consists of two elements: presenting a claim to the Commissioner and exhausting administrative remedies. Presenting a claim is jurisdictional, and therefore cannot be waived by the Commissioner or the courts. Exhausting administrative remedies, including the timely exhaustion of remedies, is not jurisdictional, in the sense that no waiver of the requirement can occur, and thus, is waivable by either the Commissioner or the courts. Mathews v. Eldridge, 424 U.S. 319, 328, 96 S. Ct. 893, 899 (1976).[2] See also Hironymous v. Bowen, 800 F. 2d 888, 894 (9th Cir. 1986).

Waiver of exhaustion, however, may be appropriate in two situations. First, waiver may occur if the Commissioner determines that the constitutionality of a provision of the Act is at issue because she cannot allow or disallow benefits on any ground other than the constitutional ground. Weinberger v. Salfi, 422 U.S. 749, 765-66 (1975). Conversely, claimant who simply disputes an isolated decision of the Commissioner rather than a policy, rule, procedure or other action cannot obtain judicial review until administrative remedies are exhausted. Heckler v. Ringer, 466 U.S. 602, 618 (1984); Hironymous v. Bowen, supra. Second, waiver may occur if a constitutional challenge is collateral to a claim of entitlement and irreparable harm may result if exhaustion is required. Eldridge, 424 U.S. at 330-31, 96 S.Ct. at 900-901. In such a case, "deference to the agency's judgment is inappropriate" and the court itself may waive exhaustion. Id. at 330. See also Bass v. Social Security Admin, 872 F.2d 832, 833 (9th Cir.1989) (district court will not waive exhaustion unless claim is: (1) collateral to a

---

[2] A decision not to reopen a prior, final benefits decision is usually not a final decision and therefore is not subject to judicial review. Udd v. Massanari, 245 F.3d 1096, 1098-99 (9th Cir. 2001), citing Califano v. Sanders, 430 U.S. 99, 107-09, 97 S.Ct. 980 (1977). Nevertheless, an exception applies where there is a colorable claim of a constitutional due process violation which involves either a due process right to a meaningful opportunity to be heard or to seek reconsideration of denial of benefits. Id. See also Evans v. Chater, 110 F.3d 1480, 1482 (9th Cir. 1997). That exception applies in this case.

substantive claim of entitlement; (2) colorable in its showing that refusal to grant relief will cause an irreparable injury which retroactive payments cannot remedy; and (3) one whose resolution would not serve the purposes of exhaustion; accord, Johnson v. Shalala, 2 F.3d 918 (9th Cir.1993). Neither of the exceptions to the exhaustion requirement apply in this case.

The second waiver situation is present here. The fact that plaintiff went to a claims representative, asking for a reopening of his case, see 20 CFR §§ 404.987, 404.988, literally leaps off the pages of the complaint—and in any event, pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972).

> Upon discovering the discrepancy [plaintiff's belief that he should have been found to have an onset date of March 1995], Plaintiff contacted Mr. Borne [the SSA claims representative] to inquire as to why he used March 2001 as the onset date. Mr. Borne stated that he used the March 2001 date because that was all I needed to qualify for benefits. When I asked about the exceptions for mental illness Mr. Borne stated that he was not aware of the exception for mental illness in determining the onset date. Mr. Borne informed Plaintiff that the only way to change the onset date was to file an appeal and recommended that I do so.

Complaint at 2.

Of course, the advice that the "only" way to have the matter reviewed was a request for *reconsideration* on a years old decision (which stood about a 100% chance of being denied as untimely) was clearly erroneous.[3] Assuming the truth of the averments in the Complaint, which are uncontested by the Commissioner, Mr. Borne should have taken an application for *reopening* of the decision at the *district office level*. This is what plaintiff was seeking. A decision on this request pursuant to the above referenced regulations would have been made, and plaintiff could have sought timely administrative review of any adverse reopening decision. Mr. Borne had no right to refuse to take the application for reopening. The

---

[3] A request for reconsideration is clearly different than a request to reopen. The request for reconsideration is made after an adverse decision on an application taken at the district office level; the request for reopening contemplates an *initial* decision after application at the district office level.

upshot of plaintiff's complaint is that he was denied due process when the district office did not process a request for reopening as it was tasked to do by the regulations. Plaintiff was denied a meaningful opportunity to engage in the authorized practice of requesting a reopening. He was then therefore denied a decision on the reopening request which was not made. The failure of a governmental agency to allow a person to apply for decisions authorized by the regulations denies due process of law. Gonzalez v. Sullivan, 914 F.2d 1197, 1202-1203 (9th Cir. 1990) (failure of proper notice on appeal rights was a violation of due process). If the failure to give a proper appellate notice violates due process, the refusal to take an authorized application for reopening and process it surely violates due process as well. Howard v. Heckler, 661 F. Supp. 654, 656 (N.D.Ill. 1985) ("It would be curious indeed if the Secretary could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing.") Moreover, plaintiff was never given an opportunity to exhaust administrative remedies for the reopening procedure.

The undersigned emphasizes that *this decision does not depend upon, or intimate a decision upon,* the possible outcome of a motion to reopen properly processed. The merits of the reopening request are not before the undersigned, nor would this court have jurisdiction to review the merits of a motion to reopen as that is a discretionary decision of the Commissioner. However, this court does have jurisdiction to mandate that the Commissioner make a decision on the request to reopen, and not disregard it out of hand with a substitution of a clearly ineffective procedural mechanism.

*Conclusion*

Accordingly, IT IS RECOMMENDED the Commissioner's motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5           IT IS HEREBY ORDERED that plaintiff's motion for summary judgment which
6  seeks relief on the merits be vacated from calendar.  If the above Findings and Recommendations
7  are adopted by the district judge, the Commissioner shall show cause within ten days after said
8  adoption why this case should not be remanded back to the Commissioner for a decision on
9  reopening.
10 DATED:   1/30/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH/076
Burke2200.mtd.wpd